# In the United States Court of Federal Claims

### OFFICE OF SPECIAL MASTERS
No. 15-1043V
Filed: June 6, 2018
Not for Publication

*************************************
CRYSTAL DOWNING-POWERS and
ZACHARY POWERS, on behalf of
their Deceased Minor Child, M.D.P.,

        Petitioners,

v.

SECRETARY OF HEALTH
AND HUMAN SERVICES,

        Respondent.
*************************************

Interim Attorneys' Fees and Costs
Decision; Reasonable Attorneys'
Fees and Costs

Andrew D. Downing, Phoenix, AZ, for petitioners.
Julia M. Collison, Washington, DC, for respondent.

**MILLMAN, Special Master**

### DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS[1]

On September 17, 2015, petitioners filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. §§ 300aa-10–34 (2012) on behalf of their son, M.D.P., deceased, alleging M.D.P. suffered an adverse reaction and died as a result of his receipt of Hib, Hep A, Pediarix, and PCV vaccinations on October 7, 2013. Pet. ¶ 10. A hearing will have to be held in this case on whether the vaccinee's death was due to the above-mentioned vaccinations or to sudden infant death syndrome. When this case is transferred to another special master, the new special master will schedule a hearing date.

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioners have 14 days to identify and move to redact such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

On June 1, 2018, petitioners filed a motion for interim attorneys' fees and costs. Petitioners request $25,940.00 in interim attorneys' fees and $15,112.43 in interim attorneys' costs, for a total request of $41,052.43.

On June 4, 2018, respondent filed a response to petitioners' motion explaining he defers to the undersigned to decide whether petitioners have met the legal standard for an interim fees and costs award. Resp. at 2. Should the undersigned find an award of interim attorneys' fees and costs is appropriate, respondent "respectfully recommends that the [undersigned] exercise her discretion and determine a reasonable award." Id. at 3.

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." 42 U.S.C. § 300aa-15(e)(1). The Federal Circuit ruled that interim fee awards are permissible under the Vaccine Act in Avera v. Secretary of Health and Human Services, 515 F.3d 1343, 1352 (Fed. Cir. 2008). The special master has "wide discretion in determining the reasonableness" of attorneys' fees and costs. Perreira v. Sec'y of HHS, 27 Fed. Cl. 29, 34 (1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994); see also Saxton ex rel. Saxton v. Sec'y of HHS, 3 F.3d 1517, 1519 (Fed. Cir. 1993) ("Vaccine program special masters are also entitled to use their prior experience in reviewing fee applications.").

Based on her experience and review of the billing records submitted by petitioners, the undersigned finds that an award of interim attorneys' fees and costs is appropriate. Therefore, the undersigned **GRANTS** petitioners' motion for interim attorneys' fees and costs.

Accordingly, the court awards **$41,052.43**, representing interim attorneys' fees and costs. The award shall be in the form of a check made payable jointly to petitioners and Van Cott & Talamante, PLLC in the amount of **$41,052.43**.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

Dated: 6/6/2018                                            /s/ Laura D. Millman
                                                                    Laura D. Millman
                                                                    Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.